Thomas J. Ryu [SB# 155749]
tom@ryuweimortz.com
S. Nathan Yun [SB# 316821]
nathan@ryuweimortz.com
Ryu Weimortz LLP
3435 Wilshire Blvd., Suite 2050
Los Angeles, CA 90010
T: (213) 385-9400
F: (213) 380-9302

*Attorneys for Plaintiff,*
Braylon Dashawn Willis

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYLON DASHAWN WILLIS, an individual;<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF FULLERTON, a public entity; JOSHUA WALKER #1590, an individual; MARCUS FUTCH #1579, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **Case No. 8:23-cv-1334**<br><br>**COMPLAINT FOR DAMAGES**<br>1. **UNLAWFUL SEIZURE – DETENTION AND ARREST (42 U.S.C. § 1983)**<br>2. **CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1983)**<br>3. **MONELL CLAIM (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Braylon Willis, for the causes of action herein, allege as follows:

## PARTIES

1.      At all times herein relevant, Plaintiff Braylon Dashawn Willis ("Willis") was a resident of City of Fullerton, County of Orange, California.

2.      At all times herein relevant, Plaintiff is informed and believes, Defendant City of Fullerton ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant

times, CITY was the employer of Defendants JOUSHA WALKER #1590 ("WALKER"), MARCUS FUTCH #1579 ("FUTCH"), and DOES 1 through 25 ("DOE OFFICERS"), who were CITY Police Officers, and DOES 26 through 50 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police Department.

3.      At all relevant times, Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as Police Officers and with the complete authority and ratification of their principal, Defendant CITY, which is additionally liable in *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of said Defendants which are alleged herein.

4.      At all times relevant, Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

5.      At all times mentioned herein, each and every Defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

6.      The true names of defendants DOES 1 through 50 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

7.      At all times herein relevant, Defendant CITY was the employer and/or principal of the remaining Defendants herein, and/or was and is legally responsible for the acts, omissions, and conduct of the remaining defendants herein, within the

meaning of Government Code §§ 815.2(a), 815.4, 820(a), among other provisions, and is liable to Plaintiff by reason thereof.

8. Whenever in this Complaint reference is made to any act of a defendant or defendants, such allegations shall be deemed to mean the acts of the defendant or defendants who are named in the particular cause of action, and Does 1 to 50, inclusive, and each of them, acting individually, jointly and severally.

## JURSIDICTION AND VENUE

9. Venue is proper in the Central District of California pursuant to 28 U.S.C. § (b)(1) because all named Defendants are residents of the County of Los Angeles, State of California.

10. This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

## FACTUAL ALLEGATION

11. At all times mentioned herein, WILLIS was a student at Fullerton Junior College playing football for the school.

12. On July 4, 2021, at around 8 p.m., WALKER spotted someone in a white Ford Mustang doing "donuts" near California State University, Fullerton, at the intersection of State College Boulevard and Yorba Linda Boulevard. WALKER initiated a traffic stop, but the suspect fled the scene. This resulted in a high-speed pursuit, which was called off shortly after due to public safety reasons.

13. After the chase was called off, WALKER broadcasted the suspect's information over radio.

14. Just few weeks prior to this incident, FUTCH interacted with WILLIS on a different matter. After hearing WALKER's descriptions, FUTCH suspected that it might be WILLIS because WILLIS was also an African-American male who drove a white Ford Mustang. FUTCH then advised that he had a possible identification of the suspect because he had arrested someone matching WALKER's description who happened to drive a similar vehicle described.

15.	WALKER described the suspect as a black male with short black hair, tattoos on forearms, wearing a white shirt.  He also mentioned that he was essentially having a face-to-face conversation with the suspect and he could positively identify him again.

16.	Later that day, several Fullerton Police Department officers, including WALKER and FUTCH, showed up to WILLIS's apartment and arrested WILLIS.

17.	WALKER sat WILLIS down on a curb and mirandized him at FUTCH's direction.  WALKER then started questioning WILLIS about earlier incidents, which WILLIS vehemently denied.

18.	WALKER also told WILLIS about there being a dashcam video of the "donut" incident and the subsequent chase.  WALKER repeatedly asked if he should rewind the tape to show WILLIS that he was in fact the suspect, to which WILLIS practically begged WALKER to please show the video.  WALKER never did.

19.	During the questioning, WILLIS repeatedly requested a lawyer, but WALKER ignored the requests and continued questioning anyway.

20.	WILLIS then asked FUTCH if he saw the video.  FUTCH affirmatively said that he saw the video and that the video showed WILLIS as the suspect.

21.	After being interrogated by WALKER and FUTCH, WILLIS was transported to Fullerton Police Department for booking and processing.

22.	WALKER initiated a second interview with WILLIS at the Fullerton City Jail.  During both the initial interview and the second interview, WALKER tried to influence WILLIS to give a confession.  WALKER told WILLIS multiple times he could go home if he admitted to the crime.  WALKER even suggested that he would understand if WILLIS ran because he was scared, practically telling him what to say.  WILLIS ultimately gave into WALKER's tactics and gave a statement admitting that he was the one doing the "donuts" earlier in the day and

COMPLAINT FOR DAMAGES

he fled from WALKER because he was scared.

23. On December 17, 2021, WILLIS was charged with a violation of Section 2800.2 of the Vehicle Code and a violation of section 12500(a) of the Vehicle Code.

24. WILLIS, through his attorneys, requested discovery materials from the People which included WALKER's report and bodycam videos. On April 27, 2022, WILLIS finally received all bodycams and reports available in his case.

25. Upon reviewing the bodycam footages and various reports, WILLIS realized that he was unlawfully detained and arrested.

26. WALKER's bodycam footage depicted a totally different picture from his report. The bodycam footage shows that when WALKER stopped the suspect in the "donut" incident, he was positioned at about 40 to 50 feet behind the suspect's vehicle with his service weapon drawn blocking his view. The suspect's vehicle had tinted windows, further blocking WALKER's line of sight.

27. In other words, there was no "face-to-face" conversation as WALKER claimed in his report. The suspect only put his arm out and never his head, which meant WALKER could not have gotten a good look at the suspect at any given point.

28. Furthermore, the video shows that the suspect's shirt was anything but white, most likely a red variant.

29. WALKER also missed the fact that the suspect's vehicle was a different vehicle from WILLIS's. The bodycam footage clearly shows that the suspect's white Ford Mustang had a white top. While WILLIS's vehicle was the same make and model, a white Ford Mustang, WILLIS's Mustang had a completely blacked out top.

30. Despite all the apparent errors in his observations, WALKER wrote in his report that he would be able to positively identify the suspect if he saw him again.

COMPLAINT FOR DAMAGES

31. However, when WALKER showed up to WILLIS's apartment with his fellow officers, he never once acknowledged that WILLIS was the suspect he was chasing. No officer ever asked WALKER whether he positively identified WILLIS as the suspect, and WALKER never affirmatively identified WILLIS as the suspect.

32. Orange County District Attorney's Office also informed WILLIS that there were no dashcam videos available of the incident because Fullerton Police Department vehicles were not equipped with them at that time.

33. This meant that there was no way FUTCH could have "confirmed" seeing WILLIS in any video since there were no dashcam videos available at all. However, FUTCH blatantly lied to WILLIS about seeing WILLIS in the video as the suspect in the "donut" incident and the subsequent high-speed pursuit.

34. Based on the above, on June 14, 2022, the Orange County District Attorney's Office dropped all charges against WILLIS for mistaken identity.

35. While his felony case was pending, WILLIS lost out on multiple football scholarship opportunities from several different schools around the country.

36. WILLIS also now suffers from several emotional damages, mainly the trauma from his experience and distrust in authorities.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure – Detention and Arrest**

**(42 U.S.C. § 1983)**

**(Against Defendants Walker, Futch, and Does 1 through 25, inclusive)**

37. Plaintiff re-alleges each and every allegation contained in this Complaint and, by this reference, incorporates said allegations as though fully set forth herein.

38. Defendants WALKER, FUTCH and DOES 1 through 25 detained and arrested Plaintiff in violation of his right to be secure in his person against

COMPLAINT FOR DAMAGES

unreasonable searches and seizures as guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. The actions of Defendants WALKER, FUTCH and DOES 1 through 25, inclusive, deprived Plaintiff of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

40. As a result of the conduct of Defendants WALKER, FUTCH and DOES 1 through 25, inclusive, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they both failed to intervene to prevent these violations.

41. The conduct of Defendants WALKER, FUTCH and DOES 1 through 25, inclusive, was wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to the conduct of Defendants WALKER, FUTCH and DOES 1 through 25.

42. Accordingly, Defendants WALKER, FUTCH and DOES 1 through 25, inclusive, are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C § 1983.

## SECOND CAUSE OF ACTION

### Conspiracy to Violate Civil Rights

### (42 U.S.C. § 1983)

### (Against Defendants Walker, Futch, and Does 1 through 25, inclusive)

43. Plaintiff re-alleges each and every allegation contained in this Complaint and, by this reference, incorporates said allegations as though fully set forth herein.

44. During the course of this incident, Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, conspired to and in fact did deprive Plaintiff of his right to be secure in his person against unreasonable

COMPLAINT FOR DAMAGES

searches and seizures, and of his right to be free from state actions that shock the conscience, as guaranteed by the Fourth and Fourteenth Amendments.

45.     All rights of Plaintiff, as set forth, were violated by Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, by their unlawful detention and arrest without probable cause.

46.     On information and belief, Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, agreed and conspired, and shared the same conspiratorial objective with each other to use excessive force against Plaintiff, and covered up their misdeeds in violation of Plaintiff's constitutional rights.

47.     As a proximate result of Defendants' conspiracy to violate Plaintiff's constitutional rights, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

48.     The conduct of Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them.

49.     Accordingly, Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy**

**(42 U.S.C. § 1983)**

**(Against Defendant City of Fullerton)**

50.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully

set forth herein.

51.     Defendant CITY OF FULLERTON, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY OF FULLERTON custom, policy, and practice of:

(a)     Employing and retaining as Police Officers and other personnel, including

Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, who Defendant CITY OF FULLERTON at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY OF FULLERTON Police Department policies and for wrongful detention and arrest;

(b)     Of inadequately supervising, training, controlling, assigning, and disciplining CITY OF FULLERTON Police Officers, and other personnel, including Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants WALKER, FUTCH, and DOES 1 through 25, inclusive, and each of them, who are CITY

COMPLAINT FOR DAMAGES

Police Officers; and,

(d)     By having and maintaining an unconstitutional custom and practice of detaining and arresting citizens without probable cause. These customs and practices by Defendant CITY OF FULLERTON were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiff.

52.     By reason of the aforementioned policies and practices of Defendant CITY OF FULLERTON, Plaintiff has suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

53.     Defendant CITY OF FULLERTON, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

54.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CITY OF FULLERTON acted with an intentional, reckless, and callous disregard for the well-being of Plaintiff and his constitutional rights.

55.     Defendant CITY OF FULLERTON and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

56.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY OF FULLERTON were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries.

COMPLAINT FOR DAMAGES

57. Accordingly, Defendant CITY OF FULLERTON each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

1. For compensatory damages in the amount to be proved at trial;
2. For punitive damages against the individual defendants in an amount to be proved at trial;
3. For prejudgment interest, according to proof;
4. For reasonable costs of this suit and attorneys' fees; and,
5. For such further other relief as the Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims asserted in this action.

Dated: July 24, 2023                    RYU WEIMORTZ, LLP

By:_____
S. Nathan Yun, Esq.
Attorneys for Plaintiff,
Braylon Dashawn Willis

11
COMPLAINT FOR DAMAGES